AETNA INSURANCE CO. v. PELHAM ET AL.

[76 South. 153, Division B.]

INSURANCE. *Consent to appraisement. Effect.*

   Where the owner obtained a policy of fire insurance covering her residence and household furniture with a mortgage clause covering the residence and there was no dispute that there was a total loss of the furniture, but there being some dispute that there was a total loss of the residence the owner and the company's agent had an appraisement made, she agreeing to settle for an amount less than that stated in the policy, but the mortgagee refused to settle on the report of the appraisers and brought suit claiming a total loss of the residence. In such case though the appraisement was not binding on the mortgagee who might eventually recover more than the amount fixed by the appraisement, the insurer could not enjoin action for the furniture loss by the owner pending the mortgagee's action, and thereby enforce a set-off for the difference between the amount fixed by the appraisement and the mortgagee's recovery.

APPEAL from the chancery court of Jackson county.

HON. W. M. DENNY, Jr., Chancellor.

Bill by the Aetna Insurance Company against Mrs. J. M. Pelham and others. From a decree for defendants, complainants appeal.

This suit was begun by bill for injunction filed by the appellant as complainant in the court below, the object of the suit being to restrain the further prosecution of a certain suit at law filed by the appellee against the appellant in the circuit court until the final determination of a certain suit which was pending, at the time this bill was filed, between the treasurer of Jackson county against the appellant, which said suit was afterwards prosecuted to judgment through the supreme court and reported in 71 Miss. at page 746, 16 So. 255, reference to which is here made for a complete statement of the facts. Appellee, Mrs. Pelham, obtained a policy of insurance in the appellant company covering her house-

hold furniture and residence, the furniture being insured for five hundred dollars and the residence for two thousand five hundred dollars, with a loss payable clause covering the residence in favor of the treasurer of Jackson county, mortgagee. A fire occurred, which totally destroyed the furniture, and, as was claimed, totally destroyed the dwelling house. Mrs. Pelham and the agent of the appellant insurance company attempted to enter into an appraisement, and after arbitrators had been chosen, they reported the loss on the dwelling to be two thousand and twenty-nine dollars and thirty-three cents. It is not disputed that there was a total loss on the furniture. The appellant offered to settle on the report of the appraisers, but the treasurer of Jackson county declined to accept settlement, and brought suit for two thousand five hundred dollars, claiming a total loss on the residence, which suit was prosecuted to judgment. Mrs. Pelham afterwards brought suit for five hundred dollars, claiming a total loss on her furniture, when she was met by this injunction suit to restrain her from prosecuting her suit at law. The chancellor sustained a motion to dissolve the injunction, and from a decree accordingly this appeal is prosecuted.

*McLaurin & Arminstead,* for appellant.

The theory upon which the injunction was obtained is: First: That, while technically and by reason of the operation of the statute when there is a mortgage clause, it constitutes such an independent contract as to enable the mortgagee to maintain a right of action thereon; at the same time there co-exists between all of the parties to the contract of insurance contractual relations, and the assured (Mrs. Pelham in this case) is as much interested in the collection of the insurance on the building which is affected by the mortgage clause as is the mortgagee and, furthermore, there is such unity of relation between the first and second items of the insurance, in

so far as Mrs. Pelham is concerned, as to make one. more or less dependent upon the other, and while they constitute separate rights in one sense, and probably enforcible, or at least divisible under separate contracts, at the same time they are so nearly related as to give the defendant Insurance Company the right to recoup for a claim arising against the assured on one item against a claim arising against the insurer. on the other.

Second: The Insurance Company further claims a right shown in this case, as set out above, its right or remedy at law under the circumstances was not clear, adequate and complete, the right to recoup in the suit at law not being available thereon. .

Third: Defendant Insurance Company further contended that an unfair advantage is sought to be obtained against it by the assured and the mortgagee in the institution and maintenance of the suits by Mrs. Pelham and Jackson county as separate actions in the circuit court.

We will discuss these questions now in the order stated. As to the first proposition. It is true that our court has held in the *East case,* 76 Miss. 687, and in the *Bacot case,* 96 Miss. 223, that the attachment of a mortgage clause to a contract of Insurance creates a new and independent contract between the mortgagee and the insurance company, i. e., it creates a contract upon which a separate right of action can, if necessary, be maintained, and one which is not subject to forfeiture because of a breach of affirmative or promissory warranties by the assured. This was all that was ever intended to be held by these cases, and it has been so specifically stated in the *Cowan Case,* quoted from above, where the meaning of the mortgage .clause is fully explained. Counsel for defendant in this case, is however, trying to extend the decisions in the *East case* and the *Bacot case* far beyond their scope. The effort of that contention of counsel for defendant is to try and have this court hold that because of these decisions Mrs. Pelham has no interest in the result of this litigation between the mort-

gagee (Jackson county) and the Aetna Insurance Company, and that the result, no matter what it is, or what it might be, either by a final judgment or on an award or an appraisement between the parties, i. e., between Jckson county and the Aetna Insurance Company, could in nowise affect the relationship between Mrs. Pelham and the Aetna Insurance Company on the five hundred dollars item for the household goods, or on the two thousand five hundred dollars item on the building.

The supreme court in the *Cowan case,* 111 Miss. 453, 71 So. 746, has specifically held that if the loss was a partial loss on the house, then the Insurance Company had a right as between itself and Jackson county, to an appraisement. It has also held in this case that the result of the appraisement, as between Mrs. Pelham and the Aetna Insurance Company, and the only result, was to make the arbitration void as to the county, in other words, as to Mrs. Pelham. It might reasonably follow and it certainly is not beyond the bounds of imagination that a new arbitration might still more reduce the amount of the loss and damage. If it did, it would certainly follow, it seems to us, that as between Mrs. Pelham and the Aetna Insurance Company, Mrs. Pelham could collect up to the amount of the award as between herself and the Insurance Company. On the other hand, if the award between the county and the Insurance Company should increase the loss and damage say, one hundred dollars or two hundred dollars, the payment of the liability to Jackson county of the amount due on its award would go to the benefit of Mrs. Pelham in paying that much of her debt to the county.

Our second proposition is as follows: "The Insurance Company further claims a right of injunction in this connection because under the facts shown in this case, as set out above, its right or remedy at law under the circumstances was not clear, adequate and complete, the right to recoup in the suit at law not being available therein."

The court,. of course understands that the suit be-
tween Jackson county and the Insurance Company was
pending and unfinished when the injunction was ob-
tained in this case, which is now sought to be dissolved.
If the circuit court should find in the suit of *Jackson*
*County* v. *Aetna Insurance Company,* that the loss on
the building was total, or in excess of two thousand and
twenty-nine dollars and thirty-three cents and collect in
excess of this amount, then all money paid in excess of
two thousand and twenty-nine dollars and thirty-three
cents by the Aetna Insurance Company would be the
payment by it of the debt of Mrs. Pelham to Jackson
county which the Aetna, insofar as Mrs. Pelham is con-
cerned, was not due, her.

Will an injunction to stay the proceedings at law in-
stituted by Mrs. Pelham be maintainable under the cir-
cumstances? In other words, has a court of equity the
right to enjoin proceedings in a court of law in order to
give defendant time to enforce a contingent require-
ment, or set-off? In the Encyclopedia of Pleading &
Practice, Vol. 10, page 952, it is said.

"(2) Irreparable defined.—Just when an injury will
be irreparable, so as to justify a writ of injunction, it is
perhaps not the province of a general rule to determine,
because of the great variety of facts under which the al-
legation is made. It may be said, however, that an injury
is irreparable when it is of such a nature that the in-
jured party cannot be adequately compensated therefor
in damages, or when the damages which result there-
from cannot be measured by any certain • pecuniary
standard."

A large number of cases are cited in support of this
doctrine. Among them will be found the case of *Jones*
v. *Brandon,* 60 Miss. 556. 10 Encyclopaedia of Pleading
& Practice, page 953.

We claim that the bill in this case is explicit and dis-
closes the obstacles to adequate redress at law. Our
court has upheld the same doctrine time and again; i. e.,

if the remedy at law is adequate an injunction cannot be maintained, and if it is inadequate an injunction will be maintained. See *Pollard* v. *Phalem,* 53 So. 453; *Larsen* v. *Larsen,* 82 Miss. 116; *International Harvester Co.* v. *Still,* 53 So. 394; *Ricks* v. *Richardson,* 70 Miss. 424. In the case of *Fowler* v. *Payne,* 49 Miss. 32, our supreme court, in its opinion on page 71; Hilliard on Inj. 'Suits'; Eden on Inj. 'Proceedings at Law.' " *Warehouse Company* v. *Potts,* 69 Miss. 31; *McDaniel* v. *Hurt,* 92 Miss. 197; 10 Encyclopaedia of Pleading & Practice, page 1031.

The third proposition is as follows: Defendant Insurance Company further contended that an unfair advantage is sought to be obtained against it by the assured and the mortgagee in the institution and maintenance of the suits by Mrs. Pelham and Jackson county as separate actions in the circuit court. *Dunlap* v. *Steers,* 92 Cal. 344, 27 A. S. R. 145; *Curtis* v. *Schell,* 79 A. S. R. 107.

*White & Ford,* for appellee.

Counsel has cited no case, and we do not believe that he can cite any, that will uphold the doctrine for which he contends; that is to say, that a right of injunction is available in a case of this sort, where the most that the complainant can claim is that it might have something to set-off or recoup at some time in the future. Instead of being with him, the law as to this proposition is entirely against him, as will abundantly appear from 1 High on Injunction (2 Edition), at page 65, section 92, the author lays down this rule:

"Equity will not enjoin proceedings at law for the collection of a debt upon the ground that defendant in the action at law has a demand against the plaintiff not yet due, but which he desires to set-off against plaintiff's demand, the rule of set-off in such case being the same in equity as at law. And the mere existence of a

counter-demand, or the pendency of an account between the parties out of which a cross-demand may arise, does not create such an equitable off-set as to warrant an injunction against an action at law.'' The author then cites a number of cases to support the rule. We submit that this authority is a complete answer to counsel's contention, and shows beyond question that the complainant had no right of injunction in this case.

It is horn book law that to constitute a valid set-off, there must be a present indebtedness upon a contract express or implied susceptible of ascertainment in amount. Furthermore, the part seeking the set-off must have such a cause of action as would enable him then to maintain an action thereon against the party against whom the set-off is claimed. This proposition is settled beyond controversy in Mississippi. See case of *Kershaw* v. *Merchants Bank,* 7 How. 386, 40 Amer. Dec. 70; also *Stone* v. *Buckner,* 12 S. & M. 73. The authorities hold further that an unmatured demand can never be the subject-matter of a set-off. See case of *Ratliff* v. *Davis,* 38 Miss. 107.

We conclude then as to the second proposition maintained by Counsel as follows: first, the complainant could never have any demand against Mrs. Pelham even though it paid the twenty-five hundred dollars to the county, for the reason that it has absolutely agreed with her, according to their contention, which is sworn to, that the loss on the building was only two thousand and ninety-seven dollars and ten cents. Secondly, the right of injunction is not available under the authorities above set out.

The third proposition contended for by learned counsel for appellant is that on account of the manner in which the two suits at law are being conducted; an unfair advantage is sought to be taken of appellant by Mrs. Pelham and the county. We do not know where counsel found the facts in this record to justify any such assertion. The language in his brief would justify

the inference that there is some sort of concealed conspiracy or connection between the county and Mrs. Pelham to make the Insurance Company pay more than it ought to pay. Certainly there is nothing in the record to justify any such inference, but on the contrary, the facts, we submit, show beyond controversy, that Mrs. Pelham and the county are acting entirely independently one of the other. The facts would rather justify the conclusion, we submit, that Mrs. Pelham is the real victim in the case. In fact, she is placed in effect between Scylla and Charybdis, if the contention of appellant is to prevail. Mrs. Pelham has never undertaken to bind the county and the county has never disclosed any purpose or made any effort to bind Mrs. Pelham, so far as the record shows. In entering into the separate appraisement and proof of loss, Mrs. Pelham as shown by the correspondence set out in the record, was merely trying to collect the item of insurance on the furniture, and had nothing to do with the insurance on the building. If the county and Mrs. Pelham conspired to defraud appellant, that position should have been alleged and proven.

Counsel for appellant cites the case of *Dunlap* v. *Speers,* 92 Cal. 344. That case, we submit, is without applicability here, because the doctrine there announced was in reference to a judgment, and no judgment was ever rendered in this case, or in the county case. We are glad, however, that Counsel cited the case, because it shows that equitable relief can only be granted in a case like that, where an unfair advantage is about to be taken of another in a proceeding at law without negligence on the part of the adverse party. Now whose negligence was it that brought about this predicament? We submit that the whole difficulty would have been averted had the county been called on to enter into the appraisement in the beginning. The insurance company has voluntary placed itself in the position of which it complains.

If appellant's contention is to prevail in this case, it merely means that Mrs. Pelham must await while the county and the Insurance Company see-saw backward and forward between the circuit court and the supreme court. The case went to the supreme court once, and will doubtless go there again. Mrs. Pelham has already been compelled to wait three years and no progress has been made yet. To sustain this injunction would amount virtually to a denial of justice to appellee, when she is without fault.

We submit that the case should be affirmed.

STEVENS, J., delivered the opinion of the court.

The injunction obtained by appellant in this cause was, in our judgment, properly dissolved by the chancellor, and the decree rendered by him must be affirmed. It cannot be presumed that appellant, as defendant in the suit being prosecuted by Mr. Cowan, county treasurer of Jackson county, holder of the mortgage clause in the policy, will be compelled to pay anything more than the insurance company is liable for or ought to pay. The mortgagee sues upon its independent contract with the insurance company, and, the mortgage indebtedness being in excess of the insurance on the dwelling house, is entitled to the full proceeds of that insurance. There would be no obligation on Mrs. Pelham to contribute toward the payment of any judgment recovered by the county treasurer of Jackson county against appellant on the policy in question. Appellant as defendant in that action has its day in court, and will be compelled to pay a lawful and not an unlawful amount. On the trial of that suit the defendant has its day in court on the issue of whether there was a total or partial loss of the dwelling house. Appellant by injunction attempts to assert a so-called offset and one not yet matured. Its claim grows out of an effort to bind Mrs. Pelham to an abortive appraisement. If the first appraisement en-

tered into by appellant and Mrs. Pelham was not bind-
ing upon the mortgagee, as it evidently was not, Mrs.
Pelham is no more to blame than the insurance com-
pany. She did what she was requested to do and all
that she could do. What she did was in a commendable
effort to avoid litigation. Her rights should not be af-
fected by this void appraisement. Neither of the par-
ties is in position to base any rights thereon. Conceding
that appellant will ultimately have to pay the full
amount of the insurance on the dwelling house, this in
itself will give appellant no right of offset against Mrs.
Pelham simply because her appraiser agreed, so far as
she was concerned, to accept a less sum. Five hundred
dollars on furniture, the collection of which is enjoined
in this proceeding, is admittedly due. It should be
promptly paid.

The chancellor awarded as damages a solicitor's fee
of seventy-five dollars for services rendered by appel-
lee's solicitor in the court below. There is a sugges-
tion of damages and a motion for an allowance of a
solicitor's fee in this court. This motion will be sus-
tained and a fee of forty dollars allowed for services
rendered in the supreme court.

*Affirmed.*